UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-2458-KK-DTBx** | Date: | February 12, 2024 |
| Title: | *Francisca Macias v. Sams West Inc., et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 11]

## I.
## INTRODUCTION

On January 4, 2024, plaintiff Francisca Macias ("Plaintiff") filed a Motion to Remand ("Motion") this action to state court arguing defendant Sams West Inc.'s ("Defendant") removal of this action was untimely. ECF Docket No. ("Dkt.") 11. On January 18, 2023, Defendant filed an Opposition and a Declaration of Counsel. Dkts. 12-13. Plaintiff did not file a Reply. The matter thus stands submitted.

Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. For the reasons set forth below, the Motion is DENIED.

## II.
## BACKGROUND

Plaintiff commenced this action by filing a form Complaint in Riverside Superior Court on March 16, 2023. Dkt. 1-2. The allegations in the Complaint are limited to a single sentence stating "Plaintiff was walking down the frozen food aisle as [sic] Sam's Club in Riverside, California when she slipped and fell on a foreign substance on the floor." Id. at 4. On April 17, 2023, Defendant was served with a copy of the summons and Complaint. Dkt. 1-1, Declaration of Erin L. Benler-Ward, ¶ 4; Dkt. 11-2, Ex. 1 at 6. On May 17, 2023, Defendant served its Answer. Dkt. 1-4.

On November 2, 2023, Plaintiff provided a Statement of Damages stating she was seeking $600,000 in general damages and $17,562 in special damages.  Dkt. 1-7.

Defendant filed its Notice of Removal on December 4, 2023, asserting the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).  Dkt. 1 ¶ 10.  According to the Notice of Removal, Defendant removed the action within 30 days of its receipt of Plaintiff's Statement of Damages.  Id. ¶ 19.

### III.
### LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).

### IV.
### DISCUSSION

**A.    APPLICABLE LAW**

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

To determine the amount in controversy, "courts first look to the complaint" and generally find the "sum claimed by the plaintiff controls if the claim is apparently made in good faith."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (citation and internal quotation marks omitted).  Where the amount in controversy is unclear or ambiguous from the face of the state-court complaint, "a defendant's amount in controversy allegation is normally accepted . . . unless it is 'contested by the plaintiff or questioned by the court.'"  Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 992 (9th Cir. 2022) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014)).

"When a plaintiff contests the amount in controversy allegation, 'both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy

requirement has been satisfied.'" Jauregui, 28 F.4th at 992.  Parties may submit evidence, "including affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  Ibarra, 775 F.3d at 1197 (internal quotation marks and citation omitted).  "A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold."  Harris v. KM Indus., Inc., 980 F.3d 694, 701 (9th Cir. 2020).  "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture[.]"  Ibarra, 775 F.3d at 1197.

"The defendant also has the burden of showing that it has complied with the procedural requirements for removal."  Sotelo v. Browning-Ferris Indus. of California, Inc., No. 2:20-CV-06927-SB-PVCx, 2020 WL 7042816, at *2 (C.D. Cal. Nov. 30, 2020) (quoting Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001)).  These procedures include a requirement that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

In Harris v. Bankers Life and Cas. Co., 425 F.3d 689 (9th Cir. 2005), the Ninth Circuit clarified that if an initial pleading is not removable on its face, then the first 30-day period for removal is not triggered.  Harris, 425 F.3d at 694.  "In such case, the notice of removal may be filed within thirty days after the defendant receives 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper."  Id. (quoting 28 U.S.C. § 1446(b)(3)).  As the Ninth Circuit has explained:

> Section 1446(b) identifies two thirty-day periods for removing a case.  The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face.  The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained.

Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1139 (9th Cir. 2013) (internal quotation marks omitted) (citing Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 885 (9th Cir. 2010); 28 U.S.C. § 1446(b).

The Ninth Circuit does not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove."  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006).  Therefore, a defendant does not have a duty to investigate whether the matter is removable even where there may be a "clue" indicating that federal jurisdiction may exist.  Harris, 425 F.3d at 696.  Instead, the "notice of removability under 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Id. at 694.

///

**B.     ANALYSIS**

Here, neither party disputes complete diversity of citizenship exists between Plaintiff, a citizen of the state of California and Defendant, a citizen of the state of Arkansas where it is incorporated and has its principal place of business.  See dkt. 1-10, 1-11.  Similarly, neither party challenges whether the amount in controversy exceeds $75,000.  See dkts. 11-1, 12.  Rather, the disputed issue here is when Defendants became aware that the amount in controversy exceeds $75,000.

Plaintiff first argues the removal of this action was untimely under 28 U.S.C. § 1446(b)(1) "because [D]efendant failed to file its Notice of removal within 30 days after service of the Summons and Complaint."  Dkt. 11-1 ¶ 1.  However, while Plaintiff checks the box indicating "action is an unlimited civil action (exceeds $25,000)," there is nothing to put Defendants on notice that the amount in controversy exceeds $75,000.  Dkt. 1-2 at 1.  Among other things, there is no indication as to the nature or extent of Plaintiff's injuries or details regarding her claimed damages.  See dkt. 1-2.  Hence, it was not facially apparent from the Complaint that the amount in controversy exceeded the jurisdictional minimum for diversity jurisdiction.  Harris, 425 F.3d at 694.

Plaintiff next argues the removal of this action was untimely 28 U.S.C. § 1446(b)(3) because (1) Defendant failed to file its Notice of Removal within 30 days after receiving an April 28, 2023 email in which she was informed that Plaintiff had undergone shoulder surgery and would be going to physical therapy," and (2) Defendant failed to file its Notice of Removal within 30 days after service of Plaintiff's August 22, 2023 responses to Form Interrogatories in which Plaintiff disclosed she had injured her shoulder and that she had undergone surgery to repair her shoulder."  Dkt. 11-2, Declaration of J. Luis Garcia ("Garcia Decl.") ¶ 2, Ex. 2.  While the email provides more detail than the Complaint and states Plaintiff "had right shoulder surgery" and "still has to go through rehab/physical therapy," there is nothing indicating the extent or seriousness of her injury.  Id.  Similarly, Plaintiff's responses to the Form Interrogatories do not provide information regarding the extent or seriousness of her injury from which Defendant would have known the amount in controversy exceeds $75,000.  Garcia Decl. ¶ 4, Ex. 3.  In fact, despite discovery requests, it appears that Plaintiff has still not provided medical, or billing records associated with her medical care.  See dkt. 13, Declaration of Bron E. D'Angelo ("D' Angelo Decl.") ¶ 3.

Ultimately, there is nothing in the "four corners" of the Complaint, the April 28, 2023 email, or Plaintiff's August 22, 2023 discovery responses that would have informed Defendant that the amount in controversy exceeds $75,000.  At most, the documents identified by Plaintiff may have suggested federal jurisdiction may exist.  However, the law is clear that Defendant has no duty to investigate whether the matter is removable even where there may be a "clue" indicating that federal jurisdiction may exist.  See Harris, 425 F.3d at 696.

The Court, therefore, finds Defendant timely removed this action on December 4, 2023, i.e., within 30 days after receipt of Plaintiff's Statement of Damages.[1]  See FED. R. CIV. P. 6(a)(1)(C).  The Notice of Removal was, thus, timely under 28 U.S.C. § 1446(b).

---

[1] Per Federal Rule of Civil Procedure 6(a)(1)(B), when computing time, every day is counted, "including intermediate Saturdays, Sundays, and legal holidays."  If the last day falls on "a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a

V.
**CONCLUSION**

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Remand. Plaintiff's request for sanctions is also DENIED.

**IT IS SO ORDERED.**

---

Saturday, Sunday, or legal holiday." FED. R. CIV. P 6(a)(1)(C).  Here, thirty days from November 2, 2023, when Plaintiff provided the Statement of Damages, falls on Saturday, December 2, 2023. Thus, the Notice of Removal, which was filed on Monday, December 4, 2023, was timely filed per Federal Rule of Civil Procedure 6(a)(1)(C).  Id.